also be laid by having the witness testify that he has no independent recollection, that he recorded the facts at the time of the occurrence or soon afterward and that his report was accurate and true when made. (*Diamond Glue Co. v. Wietzychowski*, 227 Ill. 338, 81 N.E. 392; *Koch v. Pearson*, 219 Ill.App. 468.) Here the officer testified on redirect examination that he made the report, signed it and had a fresh recollection of the facts when he made it. This was an attempt to belatedly lay the foundation for admission of the contents of the police report. However, the officer did not testify that he knew his report to be accurate when made. Therefore, his testimony did not substantially comply with the requirements for past recollection recorded. In view of this finding and our finding that the report did not refresh the witness's recollection, it was error to allow this witness to testify to the contents of the police report.

In light of these errors, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded for a new trial.

LEIGHTON and HAYES, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HALL, Defendant-Appellant.

(No. 57433; )

First District (2nd Division)—April 3, 1973.

PER CURIAM.

Elwood T. Olsen, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.